FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 0 9 2018

JAMES N. HATTEN, Clerk
By: SByn Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOANN SCOTT, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs | * |
| | * |
| HERSCHEND FAMILY | * |
| ENTERTAINMENT CORPORATION and | * |
| HFE VALDOSTA, LLC d/b/a WILD | * |
| ADVENTURES THEME PARK | * |
| | * |
| Defendants. | * |

Civil Action No. _____

# 1:18-CV-0611

## DEFENDANTS' NOTICE OF REMOVAL
## TO UNITED STATES DISTRICT COURT

COME NOW Defendants, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and by and through their undersigned counsel, submit this Notice of Removal and state as follows:

1.     This civil action was commenced on or about January 8, 2018 by the filing of a Complaint (the "Complaint") in the State Court of Gwinnett County, Georgia, entitled Joann Scott v. Herschend Family Entertainment Corporation and HFE Valdosta, LLC d/b/a Wild Adventures Theme Park.  This case was assigned Civil Action No. 18C00094-2 (the "State Court Action").  Defendants received copies of the Summons and Complaint through their registered agent for service on January 10, 2018.

2.     A copy of the Complaint filed in the State Court Action is attached as Exhibit A.  All other pleadings, process, orders, and other matters of record received by Defendants and of record in the State Court Action are attached as Exhibit B.

3.     This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332 (diversity of citizenship jurisdiction), and the action may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446.

4.     Defendants are now and have at all relevant times been a corporation and a limited liability company organized and existing under the laws of the State of Missouri with their principal offices being located in Missouri.   Defendants are not now, nor have they ever been, citizens of the State of Georgia.

5.     Upon information and belief, and contrary to the allegations of the Complaint, Plaintiff is now, and at all relevant times has been, a citizen of the State of Florida.

6.     The Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after Defendants' receipt, through service or otherwise, of the Complaint in the State Court Action.

7.     Written notice of filing of this Notice of Removal will be given to Plaintiff and, as required by 28 U.S.C. § 1446(d), a copy of this Notice will also be filed with the Clerk of the Court for the Superior Court of Irwin County, Georgia, the Court in which the State Court Action was initially filed.

8.     This Court has diversity of citizenship jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332, the amount in controversy as appears from the face of the complaint is in excess of $75,000.00 and the action has been properly removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446.

9.     In filing this Notice of Removal, Defendants do not waive any defenses that may be available to it or admit any allegation in the Complaint.

2

**WHEREFORE**, Defendants hereby give notice that the State Court Action has been removed from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully request that this matter proceed in this Court as an action duly removed.

Respectfully submitted,

s/Walter G. Elliott
Georgia Bar No. 244855

Elliott, Blackburn & Gooding, P.C.
3016 North Patterson Street
Valdosta, Georgia  31602
229-242-3333

Counsel for Defendants

CIVIL ACTION NO. **18  C   00094-2**

DATE FILED _____

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

**SETH DIAMOND, ESQ.**

**MORGAN & MORGAN, P.A.**

**25 BULL STREET, SUITE 700**

**SAVANNAH, GEORGIA 31401**

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

**HERSCHEND FAMILY ENTERTAINMENT CORP**

**5445 TRIANGLE PARKWAY, SUITE 300**

**PEACHTREE CORNERS, GA 30092**

**C/O STEVE EARNEST**

[ ] MAGISTRATE [X] STATE [ ] SUPERIOR - COURT
**GWINNETT COUNTY, GEORGIA**

**JOANN SCOTT**
_____

PLAINTIFF(S)
vs.
**HERSCHEND FAMILY ENTERTAINMENT CORP**
**HFE VALDOSTA, LLC**

DEFENDANT(S)

_____

GARNISHEE

Other attached documents to be served: **COMPLAINT,  5.2**

**DISCOVERY (ROGS, RPDS, RFAS )**

### SHERIFF'S ENTRY OF SERVICE

I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL** Upon the following named defendant: _____

[ ] **NOTORIOUS** Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to_____ described as follows: approximate age

yrs; approximate weight_____pounds; approximate height_____feet and_____inches, domiciled at residence of the defendant.

[x] **CORPORATION** Upon corporation **HERSCHEND FAMILY ENTERTAINMENT CORP**

By serving _____, in charge of the office and
place of business of the corporation in this county.

By serving _____ Tina Jones (Marketing Coordinator), its registered agent.

[ ] **TACK & MAIL** By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST** Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

_____

_____

_____

This ____10____ day of ____Jan____, 20_18_

SHERIFF DOCKET_____ PAGE_____

TIME: _____ ___. M.

_____
DEPUTY

Q:\ Magforms\Forms\MAG 10-10 Sher


EXHIBIT
A

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **JOANN SCOTT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **HERSCHEND FAMILY** | ) |
| **ENTERTAINMENT CORPORATION and** | ) |
| **HFE VALDOSTA, LLC d/b/a WILD** | ) |
| **ADVENTURES THEME PARK** | ) |
| | ) |
| **Defendant.** | |

Civil Action File No.
**18 C 00094-2**

**JURY TRIAL DEMANDED**

### SUMMONS

To The Above Named Defendant:     **HERSCHEND FAMILY ENTERTAINMENT**
**CORPORATION**
**c/o Steve Earnest**
**5445 Triangle Parkway, Suite 300**
**Peachtree Corners, Georgia 30092**

You are hereby summoned and required to file with the clerk of said court and serve upon

**Seth Diamond**, plaintiff's attorney, whose address is **25 Bull Street, Suite 400, Savannah,**

**Georgia 31401,** an answer to the complaint which is herewith served upon you, within 30 days

after service of this summons upon you, exclusive of the day of service. If you fail to do so,

judgment by default will be taken against you for the relief demanded in the complaint.

This __08__ day of ~~December, 2017.~~ *January, 2018*

RICHARD T. ALEXANDER, JR., CLERK

 / Clerk of State Court

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

2018 JAN -8 PM 2:07

R. ALEXANDER, CLERK

| | | |
|---|---|---|
| JOANN SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action File No. |
| | ) | |
| HERSCHEND FAMILY | ) | **J8  C  00094-2** |
| ENTERTAINMENT CORPORATION and | ) | |
| HFE VALDOSTA, LLC d/b/a WILD | ) | **JURY TRIAL DEMANDED** |
| ADVENTURES THEME PARK | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

COMES NOW, JOANN SCOTT, Plaintiff in the above styled action, and hereby files their Complaint for Damages against HERSCHEND FAMILY ENTERTAINMENT CORPORATION and HFE VALDOSTA, LLC d/b/a/ WILD ADVENTURES THEME PARK, and alleges the following:

### PARTIES AND JURISDICTION

1.

Plaintiff JOANN SCOTT ("Plaintiff") is a citizen and resident of the State of Georgia.

2.

Defendant HERSCHEND FAMILY ENTERTAINMENT CORPORATION (hereinafter "Herschend") is a for profit foreign corporation authorized to do business in the State of Georgia, with a principal office located in 2800 W 76 Country Road, Branson, Missouri, and is subject to the jurisdiction of this Court. Defendant Herschend maintains and transacts business in

GWINNETT County, Georgia, the county in which this cause of action originated. Venue as to this Defendant is proper in GWINNETT County, Georgia Pursuant to O.C.G.A. § 14-2-510 as the tortuous conduct alleged herein occurred in GWINNETT County, Georgia. Defendant Herschend may be served by issuing Summons and a second original of this Complaint to its registered agent for service, Steve Earnest located at 5445 Triangle Parkway, Suite 300, Peachtree Corners, Georgia 30092. Defendant HERSCHEND FAMILY ENTERTAINMENT CORPORATION, is believed to be doing business as "Wild Adventures" in Valdosta, Georgia.

3.

Defendant HFE VALDOSTA, LLC (hereinafter "HFE") d/b/a WILD AVENTURES THEME PARK is a for profit foreign corporation authorized to do business in the State of Georgia, with a principal office located in 2800 W 76 Country Road, Branson, Missouri, and is subject to the jurisdiction of this Court. Defendant HFE maintains and transacts business in GWINNETT County, Georgia, the county in which this cause of action originated. Venue as to this Defendant is proper in GWINNETT County, Georgia Pursuant to O.C.G.A. § 14-2-510 as the tortuous conduct alleged herein occurred in GWINNETT County, Georgia. Defendant HFE may be served by issuing Summons and a second original of this Complaint to its registered agent for service, Steve Earnest located at 5445 Triangle Parkway, Suite 300, Peachtree Corners, Georgia 30092. Defendant HERSCHEND FAMILY ENTERTAINMENT CORPORATION, is believed to be doing business as "Wild Adventures" in Valdosta, Georgia.

4.

The incident and injuries at issue in the present case occurred at Wild Adventures located at 3766 Old Clyattville Road, Valdosta, Georgia 31601.

5.

Defendants Herschend and HFE are joint tortfeasors and as such, venue as to all

Defendants is proper in GWINNETT County, Georgia.

## FACTUAL BACKGROUND

6.

Plaintiff restate and realleges the allegations contained in paragraphs 1 through 4 as if fully

stated verbatim herein.

7.

On May 7, 2016, Plaintiff was an invitee at the Wild Adventures located at 3766 Old

Clyattville Road, Valdosta, Georgia 31601.

8.

On May 7, 2016, Plaintiff attended an evening concert at the All-Star Amphitheater

located at Wild Adventures.

9.

As Plaintiff was walking down the row of seats to exit the amphitheater, she tripped and

fell over a candy apple that had melted into the floor of the amphitheater.

10.

At all relevant times, it is believed that the Defendant owned and managed the subject

property and owed a legal duty of reasonable care to invitees to inspect and keep the premises in

a safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in

the exercise of reasonable care.

11.

The candy apple on the floor of the Wild Adventures upon which Plaintiff fell was not visually apparent and consisted of a hidden defect or damage upon which the Wild Adventures had superior knowledge.

## COUNT I: NEGLIGENCE / NEGLIGENCE PER SE, DEFENDANT HERSCHEND FAMILY ENTERTAINMENT CORPORATION

12.

Plaintiff restates and realleges the allegations contained in paragraphs 1 through 9 as if fully stated verbatim herein.

13.

At all times material, the Defendant owed a duty of reasonable care to the Plaintiff.

14.

Defendant breached its duty of reasonable care and violated O.C.G.A § 51-3-1 by committing one or more of the following acts or omissions:

a) Failing to use reasonable care in maintaining the premises in a reasonably safe condition;

b) Failing to properly inspect the premises, including but not limited to the walkway to determine that the subject floor and surrounding area was safe and in proper condition;

c) Failing to warn Plaintiff of concealed perils which were known or should have been known to Defendant and which were unknown to Plaintiff and could not be discovered through the exercise of reasonable care;

d) Failing to repair said dangerous condition when they knew or should have known it existed; and

e) Failing to comply and adhere to the applicable ordinances, building codes and regulations.

15.

These acts and omissions of the Defendant constitute negligence and negligence per se.

16.

At all relevant times, Defendant, personally and/or by and through its employees, had actual or constructive knowledge of the hazardous condition prior to Plaintiff's fall.

17.

At all relevant times, Plaintiff had no knowledge of the unsafe and dangerous condition of the walkway and it was not discoverable by her in the exercise of reasonable care.

18.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

19.

As a result of the foregoing, Defendant breached its legal duty to Plaintiff in violation of O.C.G.A § 51-3-1.

20.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant in an amount to be proven at trial.

21.

As a direct and proximate result of the aforesaid breaches of duty and negligence by

Defendants, Plaintiff JOANN SCOTT incurred substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body, personal inconvenience, plus an inability to lead a normal life. As a result of the subject incident, Plaintiff JOANN SCOTT has incurred in excess of **$232,803.47** in past medical expenses. Plaintiff JOANN SCOTT has also incurred lost wages as a direct and proximate cause of Defendant's negligence.

## COUNT II: NEGLIGENCE / NEGLIGENCE PER SE, DEFENDANT HFE VALDOSTA, LLC d/b/a WILD ADVENTURES THEME PARK

22.

Plaintiff restates and realleges the allegations contained in paragraphs 1 through 21 as if fully stated verbatim herein.

23.

At all times material, the Defendant owed a duty of reasonable care to the Plaintiff.

24.

Defendant breached its duty of reasonable care and violated O.C.G.A § 51-3-1 by committing one or more of the following acts or omissions:

f) Failing to use reasonable care in maintaining the premises in a reasonably safe condition;

g) Failing to properly inspect the premises, including but not limited to the walkway to determine that the subject floor and surrounding area was safe and in proper condition;

h) Failing to warn Plaintiff of concealed perils which were known or should have been known to Defendant and which were unknown to Plaintiff and could not be discovered through the exercise of reasonable care;

i) Failing to repair said dangerous condition when they knew or should have known it existed; and

j) Failing to comply and adhere to the applicable ordinances, building codes and regulations.

25.

These acts and omissions of the Defendant constitute negligence and negligence per se.

26.

At all relevant times, Defendant, personally and/or by and through its employees, had actual or constructive knowledge of the hazardous condition prior to Plaintiff's fall.

27.

At all relevant times, Plaintiff had no knowledge of the unsafe and dangerous condition of the walkway and it was not discoverable by her in the exercise of reasonable care.

28.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

29.

As a result of the foregoing, Defendant breached its legal duty to Plaintiff in violation of O.C.G.A § 51-3-1.

30.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant in an amount to be proven at trial.

31.

As a direct and proximate result of the aforesaid breaches of duty and negligence by Defendants, Plaintiff JOANN SCOTT incurred substantial injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body, personal inconvenience, plus an inability to lead a normal life. As a result of the subject incident, Plaintiff JOANN SCOTT has incurred in excess of **$232,803.47** in past medical expenses. Plaintiff JOANN SCOTT has also incurred lost wages as a direct and proximate cause of Defendant's negligence.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays:

A.    That process issue according to law;

B.    That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury and show cause why the prayers for relief requested by Plaintiff herein should not be granted;

C.    That Plaintiff be granted a **trial by jury** in this matter;

D.    That judgment be entered in favor of Plaintiff against the Defendant for personal injuries sustained and for physical, mental pain and suffering past, present and

future in an amount to be determined by the enlightened conscience of an impartial jury;

E.     That judgment be entered in favor of Plaintiff against Defendant for medical expenses with the exact amount of damages to be proven at trial;

F.     That judgment be entered in favor of Plaintiff against Defendant for past and future lost wages with an exact amount of damages to be proven at trial;

G.     That Plaintiff has such further relief as the court may deem just and proper.

This $20$ day of December, 2017.

Seth M. Diamond, Esq.
Georgia Bar No. 220393
Attorney for Plaintiff

MORGAN & MORGAN, P.A.
25 Bull Street, Suite 400
Savannah, Georgia 31401
Telephone: (912) 443-1012
Facsimile: (912) 443-1192

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

JOANN SCOTT,                                    )
                                                )
      Plaintiff,                            )
                                                )
vs.                                             )    Civil Action File No. 00 0 9 4 - 2
                                                )    18 C
HERSCHEND FAMILY                                )
ENTERTAINMENT CORPORATION and                   )
HFE VALDOSTA, LLC d/b/a WILD                     )    **JURY TRIAL DEMANDED**
ADVENTURES THEME PARK                           )
                                                )
      Defendant.

## RULE 5.2 CERTIFICATE OF SERVING DISCOVERY

    Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the summons.

1. Plaintiff's First Set of Interrogatories to Defendant Herschend Family Entertainment Corporation

2. Plaintiff's First Set of Request for Production of Documents to Defendant Herschend Family Entertainment Corporation

3. Plaintiff's First Request For Admissions to Defendant Herschend Family Entertainment Corporation

This 20 day of December, 2017.

                                Seth M. Diamond, Esq.
                                Georgia Bar No. 220393
                                Attorney for Plaintiff

MORGAN & MORGAN, P.A.
25 Bull Street, Suite 400
Savannah, Georgia 31401
Telephone: (912) 443-1012
Facsimile:  (912) 443-1192



IN THE STATE COURT OF GWINNETT COUNTY   2019 JAN -8 PM 2: 05
STATE OF GEORGIA

JOANN SCOTT,                                    )
                                                )
    Plaintiff,                              )
                                                )
vs.                                             )     Civil Action File No.
                                                )
HERSCHEND FAMILY                                )
ENTERTAINMENT CORPORATION and                   )
HFE VALDOSTA, LLC d/b/a WILD                     )     JURY TRIAL DEMANDED
ADVENTURES THEME PARK                           )
                                                )
    Defendant.

## RULE 5.2 CERTIFICATE OF SERVING DISCOVERY

Plaintiff hereby certifies that a true and correct copy of the following was delivered for service with the summons.

4.  Complaint

5.  Plaintiff's First Set of Interrogatories to Defendant Wild Adventures Theme Park.

6.  Plaintiff's First Set of Request for Production of Documents to Defendant Wild Adventures Theme Park

7.  Plaintiff's First Request For Admissions to Defendant Wild Adventures Theme Park
This _20_ day of December, 2017.

Seth M. Diamond, Esq.
Georgia Bar No. 220393
Attorney for Plaintiff

MORGAN & MORGAN, P.A.
25 Bull Street, Suite 400
Savannah, Georgia 31401
Telephone: (912) 443-1012
Facsimile: (912) 443-1192

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| JOANN SCOTT,                )<br><br>Plaintiff,         )<br>)<br>vs.                    )<br>)<br>HERSCHEND FAMILY      )<br>ENTERTAINMENT CORPORATION and )<br>HFE VALDOSTA, LLC d/b/a WILD   )<br>ADVENTURES THEME PARK    )<br>)<br>Defendant. | Civil Action File No.<br><br>**18 C 00094-2**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO**
**DEFENDANT HFE VALDOSTA, LLC D/B/A WILD ADVENTURES THEME PARK**

Plaintiff hereby requests that Defendants admit for the purpose of this action the truth of the following facts within forty-five (45) days after the date of service hereof and in conformity with O.C.G.A. § 9-11-36. If any request cannot be truthfully admitted or denied, please state in detail the reasons why you cannot truthfully admit or deny the matter. If you cannot admit or deny the request in its entirety, please specify that part which you cannot admit or deny and state in detail the reasons for any such qualifications. If you assert any claim of privilege in response to any or all of these requests, set forth, with respect to each such request(s) as to which a claim of privilege is asserted, the nature of the privileged claimed (e.g. attorney-client, work-product, etc.) and the basis for your claim.

**REQUESTS FOR ADMISSION**

1.

Please admit that on May 7, 2016, Defendant was the owner of the property and/or Hooters located at 3766 Old Clyattville Road, Valdosta, Georgia 31601.

2.

Please admit that on May 7, 2016, Defendant operated and maintained the property located at 3766 Old Clyattville Road, Valdosta, Georgia 31601.

3.

Please admit that on May 7, 2016, JOANN SCOTT was an invitee at the property and/or WILD ADVENTURES located at 3766 Old Clyattville Road, Valdosta, Georgia 31601.

4.

Please admit that there was candy apple on the floor of the Plaintiff's husband's room at WILD ADVENTURES located at 3766 Old Clyattville Road, Valdosta, Georgia 31601.

5.

Please admit that there was no visible warning device or marking of the candy apple on the floor which caused Plaintiff's fall on May 7, 2016.

6.

Please admit that Defendants personally, and/or by and through its employees at the subject property, had actual knowledge of the hazardous condition that caused Plaintiff's injuries.

7.

Please admit that Defendants personally, and/or by and through its employees at the subject property, had constructive knowledge of the hazardous condition that caused Plaintiff's injuries.

8.

Please admit that Defendants did not exercise ordinary care in keeping its premises safe.

9.

Please admit that there was no warning or notice of the hazardous condition given to JOANN SCOTT on or about May 7, 2016.

10.

Please admit that JOANN SCOTT had no knowledge of the hazardous condition on the premises prior to May 7, 2016.

11.

Please admit that this court has personal jurisdiction over Defendant for purposes of this lawsuit.

12.

Please admit that venue for the above styled action is proper in GWINNETT County, Georgia.

13.

Please admit that service of process on Defendant was proper.

These Request for Admissions are being served upon Defendant along with the Summons and Complaint.

This _20_ day of December, 2017.

Seth M. Diamond, Esq.
Georgia Bar No. 220393
Attorney for Plaintiff

MORGAN & MORGAN, P.A.
25 Bull Street, Suite 400
Savannah, Georgia 31401
Telephone: (912) 443-1012
Facsimile:  (912) 443-1192

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOANN SCOTT,                          )
                                      )
        Plaintiff,                    )
                                      )
vs.                                   )        Civil Action File No.
                                      )          18  C  00094-2
HERSCHEND FAMILY                      )
ENTERTAINMENT CORPORATION and         )
HFE VALDOSTA, LLC d/b/a WILD          )        JURY TRIAL DEMANDED
ADVENTURES THEME PARK                 )
                                      )
        Defendant.

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT HFE VALDOSTA, LLC D/B/A WILD ADVENTURES THEME PARK

COMES NOW Plaintiff JOANN SCOTT and serves upon Defendant, Plaintiff's First Interrogatories, to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiffs within thirty (30) days from the receipt of such information, but not later than the time of trial.

## DEFINITIONS

When used in these Interrogatories, the term "Defendant," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendant.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1)  "You" and "your" means and refers to the Defendant to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(5)  The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(6)  "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(7)  "Identify" means the following:

(e)  When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(f)  When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and

job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(g) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or documentary evidence listed; and

(h) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## INTERROGATORIES

1.

Please identify the owner and the operator of the WILD ADVENTURES located at 3766 Old Clyattville Road, Valdosta, Georgia 31601 on May 7, 2016. If these are two different persons or entities, please clarify which one was the owner and which one was the operator.

2.

Identify the person or persons responding to these Interrogatories and all individuals that have provided assistance to you in responding to Plaintiff's First Interrogatories and Requests for Documents.

3.

, 

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this action; and further state whether you will accept service of an amended Summons and Complaint reflecting the information furnished by you in response to this Interrogatory.

4.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(2), please identify any policy or policies of liability insurance which would or might inure to the benefit of Plaintiff by providing for payment of a part of, or all of any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm or corporation which is or may be liable to Plaintiff by reason of the incident described in the Complaint.

5.

Please identify all persons (including employees and other witnesses) who to you or your representatives' knowledge, information or belief:

(a)     Were eyewitnesses to the incident that gives rise to this lawsuit;

(b)     Have relevant knowledge concerning the incident that gives rise to this lawsuit, any issue of liability or the damages in connection with this lawsuit, who were not identified in sub-part (a);

(c)     Arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence; and

(d)     Assisted Plaintiff after her fall at your premises on May 7, 2016.

6.

Please identify all persons who have given written or recorded statements covering the facts and/or circumstances of the incident which is the subject matter of this litigation, and state the name of each person, the name and address of the person or entity taking each statement, the date each statement was taken, and the name and address of each person having possession, custody or control of each statement.

7.

Please identify any photographs, diagrams or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

8.

Please identify each person (whether your employee or a claims adjuster, etc.) who has made an investigation or study of the subject incident or location at Defendant's premises.

9.

With particularity sufficient to satisfy O.C.G.A. § 9-11-26 (b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

10.

Identify each person employed by Defendant who was working at the subject WILD ADVENTURES, on the date of the incident described in the Complaint.

11.

To your information or belief, has there been any surveillance, photographs or videos of *any* party? If so, identify what party was photographed or videoed, and identify all persons who now have or have had custody and/or control of any records, tapes, films or other recording of

such surveillance.

12.

Please indicate whether you reported the subject fall to OSHA, or any other regulatory agencies.  If so, when, where, to whom, and identify all correspondence and reports generated therefrom.

13.

Please identify each individual who inspected, maintained, serviced or repaired the subject walkway in the WILD ADVENTURES, at any time between January 1, 2008 through December 31, 2015.  Were these person(s) employees or agents of Defendant?  If not, please identify what entity employed them.

14.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

(g) The date(s) the inspection, maintenance, service or repair was performed;

(h) Whether any work order or other document was prepared before or after the inspection, maintenance, service or repair was performed

(i) The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons who have knowledge of the inspection, maintenance, service or repair that was performed.

15.

Please identify any and all person(s) or entity(s) known to Defendant who performed any

renovations and/or construction at the subject WILD ADVENTURES at any time January 1, 2008 through December 31, 2015.

16.

In reference to the individual(s) identified in the previous Interrogatory, please state the following:

(j) The date(s) the renovation and/or construction was performed;

(k) Whether any contract or agreement was prepared regarding the renovation and/or construction; and

(l) The name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles, and present whereabouts of any and all persons who have knowledge of the renovation and/or construction.

17.

Please state whether there existed, prior to the incident which is the subject of Plaintiff's Complaint, any procedure or program for the regular inspection of the subject premises by Defendant or someone acting in its behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof. If so:

(e) Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program;

(f) State the regularity with which each such procedure or program was to be implemented or conducted, if applicable;

(g) State whether the procedure or program had been carried out prior to the date of the

subject incident; and

(h) Identify all documents relating to each such procedure or program and their findings.

18.

Please identify any and all procedures or programs for inspection of the subject premises, existing on May 7, 2016, including the following:

(e) Provide a general description of each such procedure or program, including all timing requirements for performing the inspection(s);

(f) Identify each person charged with said inspection(s);

(g) Identify each person charged with implementing and conducting each such procedure or program; and

(h) Identify all documents relating to such procedure or program and their findings.

19.

Please identify any and all changes that have been made to your policies and/or procedures concerning inspections at the subject premises since May 7, 2016.

20.

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than Defendant or Defendant's agents and servants? If your answer is yes, please identify:

(e) The party whom you contend was guilty of such negligence;

(f) Every act of negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case;

(g) Each and every fact and reason upon which you base your contentions; and

(h) Each and every person who has any knowledge or information concerning each such fact.

21.

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises which could cause or contribute to the occurrence alleged in Plaintiff's Complaint. If so:

(g) State the date you acquired such knowledge and/or information;

(h) State what knowledge and/or information you had;

(i) Identify the person or persons who made such knowledge and/or information known to you;

(j) State whether any remedial and/or corrective action was taken based upon such knowledge;

(k) Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

(l) Identify any documents relating to such condition and/or corrective action.

22.

Please identify any inherent aspect of the subject premises which you believe posed a risk of physical injury to persons. As to each such fact or circumstance identified:

(c) State when you were apprised of such inherent risk of danger; and

(d) Identify all documents relating to such fact or circumstance.

23.

Identify each and every other document, tangible object or other item of real, documentary or demonstrative evidence which contains, or may contain, material or information which is, which may be, or which you contend is, relevant to any of the issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

24.

Please identify any and all other similar incidents or allegations for which a patron or employee has complained (either by letter, email, or verbally) of a falling at the subject premises, occurring between January 1, 2008 and December 31, 2015.

25.

Please  identify any and all other similar incidents or allegations for which you have prepared an incident report concerning a patron or employee who has complained of falling at the subject premises, occurring between January 1, 2008 and December 31, 2015.

26.

Please identify any and all other similar incidents or allegations for which patron or employee has filed an insurance claim against Defendant related to a fall or other inhabitable conditions at the subject premises, occurring between January 1, 2008 and December 31, 2015.

27.

Please identify any and all other similar incidents or allegations for which patron or employee has filed a lawsuit against Defendant related to a fall at the subject premises, occurring between January 1, 2008 and December 31, 20145

28.

Identify any and all incident reports and/or documentary writings made by you concerning the incident at issue.

29.

Please identify all individuals who had knowledge of the Plaintiff JOANN SCOTT'S fall at the subject premises on May 7, 2016.

30.

Please identify all procedures, instructions, correspondence, emails, memorandum or other documents that pertain to notice or warning to tenants regarding potential hazards as it pertains to the subject walkway on the premises at any time between January 1, 2008 and December 31, 2015.

31.

State each and every fact upon which you rely for each affirmative defense in your Answer to Plaintiff's Complaint.

This **2-O** day of December, 2017.

Seth M. Diamond, Esq.
Georgia Bar No. 220393
Attorney for Plaintiff

MORGAN & MORGAN, P.A.
25 Bull Street, Suite 400
Savannah, Georgia 31401
Telephone: (912) 443-1012
Facsimile: (912) 443-1192

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOANN SCOTT,                              )
                                          )
     Plaintiff,                          )
                                          )
vs.                                       )      Civil Action File No.
                                          )
HERSCHEND FAMILY                          )      **18  C   00094-2**
ENTERTAINMENT CORPORATION and             )
HFE VALDOSTA, LLC d/b/a WILD              )      **JURY TRIAL DEMANDED**
ADVENTURES THEME PARK                     )
                                          )
     Defendant.

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HFE VALDOSTA, LLC D/B/A WILD ADVENTURES THEME PARK

COMES NOW Plaintiff, JOANN SCOTT, and hereby request that Defendant produce for inspection and copying the following documents in the possession, custody, or control of Defendant and its representative pursuant to O.C.G.A. § 9-11-34 within thirty (30) days from the date of service hereof at the Law Firm of Morgan & Morgan, P.A., 25 Bull Street, Suite 400, Savannah, Georgia 31401, or at such other time, date, and location agreed to by counsel for defendant and the undersigned counsel, and to serve a written response hereto within thirty (30) days from the date of service hereof.

### DEFINITIONS

If a privilege is claimed as to any documents covered by this request for production, plaintiffs ask that each document to which privilege is claimed be identified with such

particularity and in such a manner that the Court, and not counsel unilaterally, may determine whether the document is indeed entitled to privileged status.

As used herein, the terms listed below mean the following:

1. "Document" means every writing, electronic data or file, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge, including but not limited to correspondence, memoranda, agreements, minutes, assignments, records, stenographic and handwritten notes, diaries, notebooks, account books, orders, invoices, notices, statements, bills, files, checks, check stubs, account ledgers, maps, charts, diagrams, analyses, books, pamphlets, work sheets, data sheets, statistical compilations, data cards, microfilms, computer records (including printouts, floppy discs or other magnetic storage media), e-mails, tapes, photographs, pictures, recordings (both voice and videotape) and all copies of such documents, writings or records when such copies contain any commentary or notation whatsoever that does not appear on the original.

2. "Person" means any natural person, organization, corporation, partnership, proprietorship, association, group of persons, or any governmental body or subdivision thereof.

3. If you contend that any documents are privileged or protected by the attorney work product doctrine, please produce a Privilege Log for those documents.

4. The headers applied to these requests are for organizational purposes and for use as shorthand in meet and confer conferences. The words in the headings are not a substitute for a full reading of the words in the actual request.

## DOCUMENT REQUESTS

1.

Each and every document, tangible object, or other item of real, demonstrative or documentary evidence which provides any and all factual support for each defense asserted by you in Answer to Plaintiff's Complaint.

2.

Any and all photographs, videos, drawings, maps or sketches of the subject premises.

3.

Any surveillance photographs, movies or videotapes made of Plaintiff.

4.

Each and every insurance agreement under which any person carrying on an insurance business may be liable to you to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse you for any payments made to satisfy such judgment.

5.

All documents relating to any controversy as to whether or not coverage is afforded to you under any insurance agreements, including but not limited to any non-waiver agreements and letters of reservation of rights.

6.

Each and every document comprising a report made by any person, firm, association or other entity (including insurance adjusters and management at the subject WILD ADVENTURES) that has conducted any investigation to determine any of the facts pertaining to any of the issues in this action.

7.

Each and every document comprising a report made by any person you expect to call as an expert witness on the trial of this case.

8.

Each and every document relating to any facts about the subject matter of this action furnished by you to any expert you expect to call as an expert witness on the trial of this case.

9.

Each and every document relating to any written or recorded statement inquired about in Interrogatory No. 6 of Plaintiff's First Interrogatories propounded to you.

10.

All statements previously made by Plaintiff concerning the subject matter of this action.

11.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, effective May 7, 2016.

12.

All documents that discuss, review, explain, outline, and/or define Defendant's procedure(s) for reporting, taking and/or filing incident reports, **effective after** May 7, 2016.

13.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective May 7, 2016, for the subject premises, including but not limited to any references to procedures for inspection of the premises, or any reference to inspecting, maintaining, servicing or repairing the premises.

14.

The safety policies, manuals, standards, guidelines, handbooks, memos and procedures effective after May 7, 2016, for the subject premises, including but not limited to any references to procedures for or any reference to inspecting, maintaining, servicing or repairing the premises.

15.

A blank copy of the incident report used by Defendant for documenting, and reporting Plaintiff JOANN SCOTT'S fall at the subject premises on May 7, 2016.

16.

A fully legible copy of the incident report completed by you regarding Plaintiff JOANN SCOTT'S fall at the subject premises on May 7, 2016.

17.

All written notes, schedules, memos, computer documentation, etc., which evidence any inspections of the subject premises from January 1, 2008 through December 31, 2015.

18.

Copies of all legal complaints filed against you since May 7, 2016, for allegations of any falls at the subject Wild Adventures.

19.

Copies of any and all letters, documents, incident reports, insurance claims, and/or emails concerning any allegation of a fall at the subject Wild Adventures between January 1, 2008 and December 31, 2015.

20.

Copies of all documents exchanged with OSHA or any regulatory agency between May 7, 2016, and now concerning any complaints, allegations, incidents or investigations into allegations of a fall at the subject Wild Adventures.

21.

Copies of any depositions taken of any of your employees, experts, consultants, or witness in any case in the last 5 years involving allegations any falls at the subject Wild Adventures.

22.

Please produce all technical bulletins or directives sent by you or posted at the subject Wild Adventures concerning safety issues in the last 5 years.

23.

Any and all documents that relate to any firings, reprimands, suspensions, punishments, complaints, grievances, allegations, denials of any and all of your employees, or agents, who allegedly, or actually, failed to inspect the premises concerning the fall off of the subject walkway on the premises of the Wild Adventures on May 7, 2016.

24.

Any and all warnings you contend you provided, either verbally or by signage, with respect to the subject walkway at the Wild Adventures prior to Plaintiff JOANN SCOTT'S fall on May 7, 2016.

25.

Copies of any and all letters, documents, reports, invoices, service records, work orders and emails concerning the subject walkway at the Wild Adventures prior to Plaintiff's fall on May 7, 2016.

26.

Copies of any and all letters, documents, reports, invoices, service records, work orders and emails concerning the subject walkway at the Wild Adventures after Plaintiff JOANN SCOTT'S fall on May 7, 2016 to the present.

27.

Copies of all employee timesheets who were working at the Wild Adventures on May 7, 2016.

28.

A copy of all witness and employee statements gathered in conjunction with the incident report completed by you and regarding the Plaintiff's fall at the Wild Adventures on May 7, 2016.

This 2O day of December, 2017.

Seth M. Diamond, Esq.
Georgia Bar No. 220393
Attorney for Plaintiff

MORGAN & MORGAN, P.A.
25 Bull Street, Suite 400
Savannah, Georgia 31401
Telephone: (912) 443-1012
Facsimile: (912) 443-1192

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOANN SCOTT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs | * | Civil Action No. _____ |
| | * | |
| HERSCHEND FAMILY | * | |
| ENTERTAINMENT CORPORATION and | * | |
| HFE VALDOSTA, LLC d/b/a WILD | * | |
| ADVENTURES THEME PARK | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

This is to certify that I have filed this day the within and foregoing NOTICE OF REMOVAL and delivered copies of same to opposing counsel by depositing same in the U.S. Mail in a properly addressed envelope with adequate postage thereon to the following attorney of record:

Seth M. Diamond, Esq.
Morgan & Morgan, PA
25 Bull Street, Suite 400
Savannah, GA 31401

This 8th day of February, 2018.

/s/Walter G. Elliott

4